IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KATIE VAZQUEZ AS GUARDIAN AD LITEM FOR A.V., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 17-00686 GMS |
| THE BOARD OF EDUCATION OF THE CAESAR RODNEY SCHOOL DISTRICT, | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
BOARD OF EDUCATION OF THE CAESAR RODNEY SCHOOL DISTRICT'S
MOTION TO DISMISS**

The Board of Education of the Caesar Rodney School District ("District") hereby moves to dismiss plaintiff's ("Plaintiff") amended complaint (the "Complaint") on behalf of the minor plaintiff as follows.

### NATURE AND STAGE OF PROCEEDINGS

On June 6, 2017, Plaintiff filed this action. On June 19, 2017, counsel for the District executed and delivered a waiver of service. The District moved to dismiss the initial complaint. In response, Plaintiff filed the Complaint.

### SUMMARY OF ARGUMENT

The Complaint fails to state a claim upon which relief can be granted because there is no allegation that the District caused, or failed to prevent, any damages to the minor plaintiff. Moreover, there is no allegation that any harassment occurred after the District received notice of the alleged harassment. In short, the Complaint fails for the same reasons as the initial complaint.

## ARGUMENT

## STANDARD OF REVIEW

The sufficiency of pleadings for non-fraud cases is governed by Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When presented with a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* at 210–11. Second, the Court determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Thus, although a non-fraud claim need not be pled with particularity or specificity, that claim must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).

Determining whether a claim is plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A plausible claim does more than merely allege entitlement to relief; it must also demonstrate the basis for that "entitlement with its facts." *Fowler*, 578 F.3d at 211 (citation omitted). Thus, a claimant's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; accord *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). In other words, "[a] claim has facial plausibility when the plaintiff pleads factual content that

2

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Ashcroft v. Iqbal,* 556 U.S. at 678).

### I. THE CLAIM MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff alleges that the parents of the minor plaintiff became aware in June 2016 of co-student sexual harassment that the minor plaintiff allegedly suffered and reported same to the District. (¶7, 8). Plaintiff alleges that no one from the District informed her of the outcome of the investigation into the complaint. (¶10). Plaintiff also alleges that the alleged perpetrator was not removed as demanded. (¶11). Finally, Plaintiff alleges that since the 2015-2016 school year, the minor plaintiff has not returned to school. (¶15).

Title IX provides that "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance ..." 20 U.S.C. § 1681(a). To prevail against the District in a claim of student-on-student sexual harassment under Title IX, Plaintiff must show that (1) the District received federal funds; (2) sexual harassment occurred; (3) the harassment occurred under "circumstances wherein the District exercised substantial control over both the harasser and the context in which the . . . harassment occurred"; (4) the District had "actual knowledge" of the harassment; (5) the District was "deliberately indifferent" to the harassment; and (6) the harassment was "so severe, pervasive, and objectively offensive that it could be said to have deprived the victims of access to the educational opportunities or benefits provided by the school." *Davis v. Monroe Cnty. Bd. of Educ.,* 526 U.S. 629, 645, 650 (1999). The Supreme Court set forth in *Davis* that "this is not a mere reasonableness standard" and held that "in an appropriate case, there is no reason why courts, on a motion to dismiss, for summary judgment, or for a directed verdict, could not identify a response as not 'clearly unreasonable' as

3

a matter of law." *Id.* at 649. Issues such as whether the school district was deliberately indifferent and the severity and pervasiveness of the harassment are issues regularly decided as a matter of law. *See, e.g., Brooks v. City of Philadelphia*, 747 F. Supp. 2d 477 (E.D. Pa. 2010) (finding as a matter of law a lack of deliberate indifference).

The private right of action only lies where the school is deliberately indifferent to known acts of sexual harassment "that [are] so severe, pervasive, and objectively offensive that it can be said to deprive the victim [ ] of access to the educational opportunities or benefits provided by the school." See *Davis,* 526 U.S. at 629. The District's action or inaction "must, at a minimum, 'cause [students] to undergo' harassment or 'make them liable or vulnerable' to it." *Id.* at 645 (citation omitted). A school is not liable for acts of harassment about which it has no knowledge or for harassment that occurs off school grounds. Id. at 644 (concluding that a school district "cannot be directly liable for its indifference where it lacks the authority to take remedial action").

To establish liability, Plaintiff must demonstrate deliberate indifference, which is "an official decision by the recipient [of federal funds] not to remedy the violation." *Gerber v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998). A finding of deliberate indifference is a high burden for plaintiffs to meet, and by design to "to eliminate any 'risk that the recipient would be liable in damages not for its own official decision but instead for its employees' independent actions." *Davis*, 526 U.S. at 643. Indeed, this is a more rigorous standard than when a Title IX plaintiff seeks damages for a teacher's harassment. *Id.* at 650-53. The standard is a district must not act "clearly unreasonably" once it has actual notice of harassment. *Dawn L. v. Greater Johnstown Sch. Dist.*, 586 F. Supp. 2d. 332, 369 (W.D. Pa. 2008).

Plaintiff alleges that the minor plaintiff never returned to the District after the 2015-2016 school year. (¶15) This acknowledgment dooms the Complaint. Plaintiff does not allege that the

4

District knew of, or was deliberately indifferent to, the harassment before it was reported. Moreover, Plaintiff does not allege that any harassment occurred after it was reported. In other words, what Plaintiff alleges is exactly what happened - that at the end of the school year, there was a report of abuse and the minor student never returned. There thus cannot be any causation between the District's implied alleged "indifference" and any act of sexual harassment.

The amendments to the pleadings in the Complaint do not cure this. That (i) Plaintiff expressed an interest in the minor plaintiff returning to school (¶11), (ii) it should purportedly have been clear to a reasonable school official that harassment would harm the minor plaintiff (¶22), (iii) the minor plaintiff was vulnerable to further harassment (¶24) and (iv) she purportedly had to leave school (¶25), do nothing to demonstrate that the District acted with deliberate indifference after first learning of the situation. As remains known and plead, the District never had a chance to act- correctly or with indifference- because the minor plaintiff never returned to school after the allegations were brought to light.

Even if the District failed to investigate (which is not conceded) as alleged, a failure to investigate, alone, does not make out a prima facie case. A district must not act "clearly unreasonably" and their action "must, at a minimum, 'cause [students] to undergo' harassment or 'make them liable or vulnerable' to it." *See Davis,* 526 U.S. at 629. Given the undisputed allegation that the minor plaintiff never returned, and the inference (by failure to plead otherwise) that the minor plaintiff never suffered harassment after the District obtained notice of the purported harassment, the District could not have acted unreasonably and could not have caused any purported harassment.

Finally, Plaintiff demands that the offending student should have been removed. This argument has been made and rejected many times. The Court in *Davis* stated as follows:

[T]hat recipients may be liable for their deliberate indifference to known acts of peer sexual harassment - does not mean that recipients can avoid liability only by purging their schools of actionable peer harassment or that administrators must engage in particular disciplinary action . . . School administrators will continue to enjoy the flexibility they require so long as funding recipients are deemed 'deliberately indifferent' to acts of student-on-student harassment only where the recipient's response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances. *Davis*, 526 U.S. at 648.

Victims of peer harassment do not have a right to demand a particular remedial demand. *Jones v. Indiana Area Sch. Dist.*, 397 F. Supp. 2d 628, 644 (W.D. Pa. 2005). A district need not expel to avoid liability. *Rost*, 511 F.3d at 1114; *Cubie*, 244 F. Supp. 2d at 1191; *Vance v. Spencer Cnty. Public Sch. Dist.*, 231 F.3d 253, 260, 261 (6th Cir. 2000) (schools are not required to eradicate harassment).

### A. Punitive Damages Are Not Available

Plaintiff claims "special" damages. Punitive damages are not available against a school district under Title IX. *Crawford v. Sch. Dist. of Philadelphia*, 1998 WL 288288, at *2 (E.D. Pa.); *Doe v. Londonderry Sch. Dist.*, 32 F. Supp. 2d 1360 (D. N.H. 1997).

MORRIS JAMES LLP

/s/ James H. McMackin
James H. McMackin (#4284)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
(302) 888-5849
jmcmackin@morrisjames.com
Attorneys for Defendant

Dated: September 5, 2017